UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-1907 |
| | ) | |
| $40,990.00 UNITED STATES CURRENCY; and | ) | |
| 10 MONEY ORDERS TOTALING $6,000.00, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on

information and belief as follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C.

§ 881(a)(6) because the defendant property constitutes proceeds of, or is property used to

facilitate a violation of, the Controlled Substances Act.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil actions commenced by the United States) and § 1355

(district courts have original jurisdiction of any action for forfeiture).

3.      This Court has in rem jurisdiction over the defendant property pursuant to

28 U.S.C. § 1355(b) (forfeiture action can be brought in the district in which any of the acts

giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest

property in the government's possession).

4.     This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5.     The Defendants are Forty Thousand, Nine Hundred and Ninety Dollars and No Cents ("$40,990.00") in United States Currency and 10 Money Orders Totaling Six Thousand Dollars ("$6,000.00") ("the Defendant Property').  The Defendant Property was taken into custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP").

## FACTS

6.     On September 19, 2017, officers from a parcel/bulk cash smuggling interdiction task force, comprised of officers from the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the United States Customs and Border Protection Officers ("CBPO") conducted an interdiction operation at a local Federal Express shipping facility in Indianapolis.

7.     Narcotics traffickers have increasingly used mail delivery services, especially overnight delivery services, to transfer illegal narcotics and payment for those narcotics throughout the country.  Narcotics traffickers know that packages sent by these delivery services are protected from inspection without a search warrant.  Traffickers know that they can track parcels, control dispatch times and locations, and have a guarantee of delivery in one or more business days by using overnight or priority delivery.  They know that any delay may indicate a

compromised parcel.

8.      Parcels may be identified by law enforcement as suspicious when they meet several characteristics that have been identified through experience and training as those indicating use of the mail delivery services by narcotics traffickers.  For instance, a parcel may be mailed overnight to a state known to be a source for the importation of controlled substances. Overnight parcels are typically sent by a business to a business, not generally from one individual to another.  Further, the label may be handwritten and not list a business account number.  Typically, individuals do not send packages by the more expensive overnight delivery service.

9.      Individuals involved in the trafficking of controlled substances and using parcels to conceal controlled substances and proceeds of their trafficking activity often pay cash for the shipping of the parcel to minimize detection of their identities.  They also seek to limit the contact information or provide false information on the labels and labels are often missing a full name and/or do not provide a telephone number.

10.     Parcels containing controlled substances or proceeds of controlled substance trafficking activity will commonly be disguised to look like normal parcels, will be packaged to blend in with other parcels, and will commonly have the controlled substance or proceeds packaged in a manner to avoid detection by a canine trained to detect the odor of controlled substances.  For example, traffickers will often seal the parcel with excessive tape to prevent the odor of controlled substances from leaking from the parcel.  Inside of the parcel, or attached to the controlled substances, traffickers will commonly include air fresheners, dryer sheets, axle grease, or other items to prevent detection by an canine trained to detect the odor of controlled substances.

11.     Traffickers also rarely include any type of instruction with the proceeds. Legitimate businesses or personal gifts contain notes, letters, receipts, cards or coupons along with the cash or monetary instruments.  Narcotics traffickers are known to use low denomination currency to conduct their business.  Law enforcement have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

12.     On September 19, 2017, during the routine parcel/bulk cash smuggling interdiction, a package being shipped by parcel service with a shipping label attached reflecting a tracking number 7877 7063 5604 ("Package 5604"), was identified as suspicious.  The package was sent from Hung Nguyen, 793 Dupre Lane, Mount Pleasant, South Carolina 28464 to Tony Nguyen, in care of the FedEx Office & Print Center, 750 Atlantic Avenue, Alameda, California 94501.





13.     Task force officers selected the package for isolation because its appearance met several of the specific indicators of a package involved in bulk cash and controlled substance smuggling.  Officers noted that the package had a printed label indicating standard overnight shipping paid for with cash, and a destination address in a known source state for illegal controlled substances.  The same phone number was listed for both the sender and the recipient, despite the names being different.  Additionally, the package was sent from an individual to an individual, a non-business sender to a non-business receiver, and a residence to a shipping store. No signature was required upon receipt.

14.     Based on these indicators, the Task Force asked IMPD to dispatch a drug detection canine to the hub.  The certified drug detection canine inspected Package 5604, along with other packages.  Upon examination of the packages, the certified drug detection canine

game a positive indication for the presence of the odor of a controlled substance on Package 5604.

15.    Following the alert, law enforcement applied for a search warrant from the Marion County Superior Court.  On September 19, 2017, a Marion County Superior Court Judge for the State of Indiana granted the search warrant upon a determination of probable cause.

16.    The officers executed the warrant to open Package 5604.  Inside the package, the officers found three cardboard mailers, which were stuffed with United States Currency totaling $40,990 and ten money orders totaling $6,000 dollars.  The money orders consisted of two United States Postal Service money orders and eight Western Union money orders.  None of the money orders were made out to any person or entity.  No note, instructions, or other documents were included in the Package.





17.    After the package was opened, the certified drug detection canine inspected the contents of the package and again alerted to a positive indication for the presence of the odor of a controlled substance.  Believing the money constituted proceeds of, and/or was property used to facilitate violations of the Controlled Substances Act; the $40,990.00 and the ten money orders were seized and taken into custody by law enforcement.

18.    The Defendant Property was converted into cashier's check, and retained in the custody of ISP District 52 pending the issuance of a state turnover order.  On February 28, 2018, by a turnover order issued by a Marion Superior Court Judge for the State of Indiana, the Defendant Currency and related property was released into the custody of DHS-CBP.

19.    DHS-CBP forwarded the Defendant Property to the United States Attorney's Office for judicial forfeiture.

20.    A background investigation of Hung Nguyen was conducted.  In November 2006, Hung Nguyen was convicted in San Francisco, California, of theft, a misdemeanor, with charges of burglary and received stolen property dismissed.   On September 16, 2016, Hung Nguyen pled guilty to a felony charges of manufacturing and possession of controlled substances.  *See State v. Hung Nguyen*, Cause No. 2016A0810200124, Berkeley County 9th Judicial Circuit Court, Moncks Corner, South Carolina.

21.    No background investigation of Tony Nguyen could be conducted, as the receiving address was a FedEx Office & Print Center and there was no identifying information provided on the packing label or in the package.

22.    It is against Federal Express policy, as stated on its website, to ship cash via Federal Express.  *See* Federal Express Rule, FXF 100 Rules Tariff.

7

**PERTINENT STATUTES**

23.      Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

24.      Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

**PRAYER FOR RELIEF**

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant funds are "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or  "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant funds pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and the United States be granted any relief this Court may deem just and proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:     *s/ Debra G. Richards*
Debra G. Richards
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## **VERIFICATION**

I, David Victor, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 6/19/18

David Victor
Special Agent, HSI

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:      ☐ Yes    ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                    DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                 APPLYING IFP                 JUDGE                  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-1907 |
| | ) | |
| $40,990.00 UNITED STATES CURRENCY; and | ) | |
| 10 MONEY ORDERS TOTALING $6,000, | ) | |
| | ) | |
| Defendant. | ) | |

## WARRANT FOR ARREST OF PROPERTY

TO:     ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 5th day of June, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Forty six thousand and nine hundred ninety dollars in United States Currency ("$46,990.00") and Ten money orders totaling $6,000, defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant funds into the possession of the United States Marshals for the Southern District of Indiana, to be detained in the possession of the Marshals until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Copy to:

Debra G. Richards, Assistant United States Attorney
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN  46204-3048
Debra.Richards@usdoj.gov

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(I) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.